**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: ROBERT L PACKNETT                CASE NO. 25-10700
                                         CHAPTER 13

### MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO THE PROPERTY LOCATED AT 7442 SPRINGLAKE DRIVE, NEW ORLEANS, LOUISIANA 70126

The motion of NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING AS SERVICER FOR US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET ("Mover"), a secured creditor, respectfully represents:

1.

The Debtor in the above entitled and numbered case filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code on April 10,2025.

2.

This Honorable Court has jurisdiction over this matter pursuant to the provisions of inter alia 11 U.S.C. 362 and 28 U.S.C. 157 and 1334.

3.

Mover is the entity entitled to enforce a note in the original principal amount of $256,000.00, dated January 19, 2012, executed by Robert Packnett, a copy of which is attached hereto, and secured by a mortgage, a copy of which is attached hereto, recorded at Instrument No. 2012-04298, in the records of Orleans Parish, Louisiana, affecting the following described property located in New Orleans, Louisiana:

THAT CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the **THIRD DISTRICT** of the City of New Orleans, Parish of Orleans, State of Louisiana, in **SQUARE D**, Lake Forest Subdivision, No. 1 (Spring Lake), bounded by Spring Lake Drive, Arbor Drive, Mayo Road and Cove Drive, designated as **LOT 49** on the survey made by Errol E. Kelly, Surveyor, dated September 30, 1967, a copy of which is annexed to act of sale by LaKratt Corp., Homestead Savings Association passed before John H. Hammel, III, Notary Public, dated November 6, 1967, and according to said survey, said LOT 49 commences at a distance of 227.26 feet from the corner of Spring Lake Drive and Mayo Road, and measures thence 75.0 feet front on Spring Lake Drive, a width in the rear of 61.53 feet, by a depth of 180.0 feet between parallel lines; said LOT 49 of SQUARE D is composed of a portion of a portion of groves 6 and 8, Section 21, of the New Orleans Lakeshore Land Company Tract. Said lot is also designated by the No. 49 on survey of Errol E. Kelly, Surveyor, dated September 30, 1967, redated April 16, 1968, and redated October 18, 1969, blue print of which is annexed to act before Edmund T. Wegener, Notary Public, dated October 27, 1969, and according thereto said lot is situated in the same subdivision and square, which square is shown to be bounded by Spring Lake Drive, Arbor Drive side, Spring Lake, Mayo Road, and Cove Drive side and has the same measurements and dimensions as shown above.

bearing the municipal address of 7442 Springlake Drive, New Orleans, Louisiana 70126.

4.

NewRez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for Movant. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is endorsed in blank. Movant is the beneficiary or the assignee of the Deed of Trust.

5.

The Debtor's Chapter 13 plan provides that the Debtor is to pay to Mover directly the regular monthly mortgage payments.

6.

The Debtor has defaulted on the Chapter 13 plan by failing to pay the monthly payments when due. The Debtor is delinquent on post-petition payments for the months of May 1, 2025 through date on the direct monthly mortgage payments of $2,077.64 each, for a total amount of $6,232.92.

7.

As of July 14, 2025, the unpaid principal balance is $207,618.26.

8.

The value of the collateral to which Creditor stipulates for purposes of this motion only is $250,000.00. See attached hereto a copy of Debtor's Schedule A.

9.

The Creditor has attached hereto a copy of an affidavit establishing the debt owed, as well as a post-petition payment history.

10.

There is no equity in the property. Mover is not adequately protected. The property is not necessary for an effective reorganization. Thus, this Court should terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2).

11.

For the foregoing reasons, Mover requests that the automatic stay in this case be lifted insofar as the property described in Paragraph (3) hereof is affected thereby.

WHEREFORE, MOVER PRAYS that after all delays have elapsed and proceedings are had, this Honorable Court enter an order terminating the automatic stay provided for by 11 U.S.C. 362(a) as to the estate of the Debtor so to allow Mover to enforce any and all rights it has in respect to the property described in Paragraph (3) herein via state court foreclosure proceedings or otherwise.

MOVER FURTHER PRAYS:

(I) that the automatic stay in this case be lifted insofar as the property described in Paragraph (3) hereof is affected thereby;

(II) that it be relieved from the provisions of Bankruptcy Rule 3002.1(b) and (c) requiring Creditor to supplement its proof of claim with notices regarding future payment changes and post petition fees and costs;

(III) that any order of relief entered directs the Trustee to not make any further payments on the secured claim after entry of the order;

(IV) that the right to file an amended unsecured claim for any deficiency is reserved;

(V) that it be permitted to contact Debtor and/or Debtor's Counsel for the purpose of engaging in discussions and consideration of loss mitigation options, solutions and/or resolutions including, but not limited to, a loan modification or other loss mitigation alternatives.

DEAN MORRIS, L.L.C.
1820 Avenue of America
P. O. Box 15270
Monroe, LA 71207-5270
(318) 388-1440

/S/ Ashley E. Morris
ATTORNEY FOR CREDITOR